UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re

THOMAS WILLIAM REIMANN,

Debtor.

Case No. 09-37695

Chapter 7

---

MEMORANDUM DECISION REGARDING ALLEGED VIOLATION OF
AUTOMATIC STAY AND DISCHARGEABILITY OF OBLIGATION

---

This matter is before the Court on the chapter 7 debtor's allegations that the Wisconsin Department of Corrections violated the automatic stay when it deducted funds from his prisoner trust account after the case was filed and applied them against an obligation to pay for medical services received while he was in prison. To make the determination of whether or not the automatic stay was violated, the parties agreed that the Court had to determine whether the obligation was dischargeable, notwithstanding the lack of an adversary proceeding. The debtor claimed the obligation was a dischargeable medical debt, and the state argued the debt was for restitution that was not only subject to an exception to discharge, collection was excepted from application of the automatic stay.

BACKGROUND

At all relevant times, the debtor was incarcerated in the Department's prison system. On or about June 2008, the debtor took an overdose of aspirin with the admitted intent[1] to commit suicide. The debtor was transferred by ambulance to a local hospital and treated. The debtor was issued a Conduct Report for violating prison rules, namely, the "misuse of prescription [*sic*]

---

[1]The debtor claims his suicide attempt was the result of a major psychotic break caused by the prescription medication Neurontin, which was improperly prescribed for him. *See* Written Statement of Thomas Reimann, Exhibit D to Affidavit of Richard E. Braun.

medication." Wis. Admin. Code DOC §§ 303.57, 303.70, & 303.68(3).  After waiving his right to a full due process hearing, the debtor participated in a less formal hearing process and was found guilty of the misuse of a prescription drug.  As part of the disciplinary action, the debtor was penalized with 180 days' disciplinary separation and required to pay institutional restitution, the amount of which was ultimately determined to be $6,936.63, the cost of the ambulance and hospital care.  On June 19, 2009, the debtor appealed his punishment to the Warden, and the decision was upheld on August 14, 2009.  There were no further proceedings.

The debtor filed his chapter 7 petition on December 14, 2009.  The Department withheld $9.00 for money tendered for deposit into the debtor's prison trust account in January and February 2010, for a total of $18.00.  The amounts deducted were applied against the restitution obligation.  The Department has voluntarily stopped making deductions, pending the Court's decision in this matter.

ARGUMENT

The debtor argues[2] the Department willfully violated the automatic stay when it deducted the funds from his trust account after being informed of the bankruptcy filing.  *See Matter of Behm*, 44 B.R. 811 (Bankr. W.D. Wis. 1984).  Additionally, the ambulance and hospital charges are dischargeable because they are for an actual pecuniary loss, not a penalty.  11 U.S.C. §

---

[2]The debtor make several arguments regarding the legality of the prison disciplinary proceedings, the fairness of the result, and his lack of proof of the amount due.  For example, his suicide attempt was made using an overdose of aspirin, yet he was charged with misusing a prescription drug.  A prisoner must exhaust his administrative remedies and then appeal a decision to the Wisconsin courts.  Wis. Admin. Code DOC § 310.01, et seq.  The bankruptcy court has no jurisdiction over such an appeal and those arguments cannot be addressed.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149 (1923); *see Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) ("No matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.").

523(a)(7).

The Department argues the restitution obligation imposed in the subject prison disciplinary proceeding is nondischargeable under section 523(a)(7), notwithstanding the amount was set using a discernable standard. *See Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353 (1986) (restitution obligation for welfare fraud nondischargeable; amount based on amount fraudulently obtained); *In re Cole*, 234 B.R. 417 (Bankr. W.D. Wis. 1999) (treatment costs imposed in prison disciplinary proceedings for battery of fellow inmate were nondischargeable); *In re Haberman*, 137 B.R. 292 (Bankr. E.D. Wis. 1992) (costs assessed in attorney disciplinary proceeding were for punishment, not reimbursement, and were not dischargeable). Additionally, the Department argues it did not violate the automatic stay by virtue of the exception set forth in 11 U.S.C. § 362(b)(1) for actions in continuance of a criminal action or proceeding against the debtor. The Department asserts that the criminal proceeding continues from the commencement of the case through the time the Department's jurisdiction ends, either when the prisoner's sentence ends outright or when he fulfills all conditions of any probation or parole.

DISCUSSION

*Nondischargeability of Restitution Ordered in Prison Disciplinary Proceeding*

The restitution was assessed pursuant to Wisconsin Department of Corrections Administrative Code, which provides, in relevant part:

> (1) (a) A "major penalty" is adjustment segregation . . . , program segregation . . ., loss of earned good time or extension of mandatory release date . . ., disciplinary separation . . ., room confinement of 16 to 30 days, loss of recreation privileges for over 60 days for inmates in the general population, loss of recreation privileges for over 8 days for inmates in segregation, building confinement for over 30 days, and loss of specific privileges for over 60 days. The adjustment committee may impose a minor penalty for a violation where a major penalty could be imposed. The adjustment committee may impose restitution in addition to or in lieu of any major penalty and may impose any combination of penalties. . . .

(c) A "major offense" is a violation of a disciplinary rule for which a major penalty may be imposed if the accused inmate is found guilty. . . .

Wis. Admin. Code DOC § 303.68(1). Misuse of prescription medication is included as a major offense. Wis. Admin. Code DOC § 303.68(3). We do not know if aspirin is considered a prescription drug in prison.

To fall within the discharge exception for fines, penalties, and forfeitures, a debt, other than a tax penalty, must be (1) for a fine, penalty, or forfeiture; (2) payable to and for the benefit of a governmental unit; and (3) other than compensation for actual pecuniary loss. 11 U.S.C. § 523(a)(7). The first and third elements are at issue here.

In *Kelly v. Robinson*, 479 U.S. 36 (1986), the debtor pled guilty to larceny for welfare fraud and was placed on probation conditioned upon the debtor paying $100 per month to the Connecticut probation office, an amount aligned with the nearly $10,000 the debtor fraudulently obtained. The Second Circuit held that the restitution ordered was compensatory and was not classified as a debt excepted from discharge. *In re Robinson*, 776 F.2d 30 ($2^d$ Cir. 1985). The Supreme Court reversed and held that the restitution was not compensatory. Justice Powell faulted the Second Circuit for focusing on the language of the Bankruptcy Code as to "claim/debt" and the stated exception: "In this case we must consider the language of §§ 101 and 523 in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems." 479 U.S. at 43-44. From the perspective of "a deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings," Justice Powell found no compensatory purpose to this restitution order. *Id*. at 47. Restitution ordered in criminal proceedings

"necessarily considers the penal and rehabilitative interests of the State," and not compensation for the victim. *Id*. at 53.

The mere fact that a penal sanction is calculated by reference to actual costs – as in this case – does not, in and of itself, transform the penalty into "compensation for actual pecuniary loss," resulting in exclusion of the sanction from the discharge exception for fines, penalties, or forfeitures payable to or for the benefit of a governmental unit. *See In re Haberman*, 137 B.R. 292, 295 (Bankr. E.D. Wis. 1992); *In re Smith*, 317 B.R. 302, 309-10 (Bankr. D. Md. 2004). Additionally, section 523(a)(7) does not mandate that the fine or penalty be imposed by a court; if the relevant state laws provide that an administrative agency may impose such fines, they are nondischargeable if they fall within the ambit of the statute. *In re Gallagher*, 71 B.R. 138, 139 (Bankr. N.D. Ill. 1987). Here, the Department of Corrections is the agency imposing restitution, as is authorized under Wisconsin law.

In *In re Cole*, 234 B.R. 417 (Bankr. W.D. Wis. 1999), the debtor, a prison inmate who beat up his cell mate, was ordered to pay all treatment costs as restitution. Judge Martin, in the context of fact determinations in a summary judgment motion, decided the conviction in the prison disciplinary proceeding was essentially the same as being convicted in a criminal proceeding. He found the obligation to pay the medical expenses assessed by the prison disciplinary board nondischargeable under section 523(a)(7). Since the Supreme Court in *Kelley v. Robinson* held that any condition imposed as part of a criminal sentence would be nondischargeable, and the assessment was imposed as a consequence of his conviction, it was also nondischargeable as a matter of law. The debtor distinguishes this case from his own by pointing out that his ingestion of aspirin was due to a "psychotic break," not to an independently

5

illegal act, such as battery. However, he was found guilty under Admin. Code DOC § 303.57, so his own wrongdoing – taking an overdose of aspirin – is what caused the restitution to be ordered. The fact that the act might not have been illegal outside the prison system is not relevant. It was held to be illegal where he was. Consequently, this debt is in the nature of restitution and punishment, not compensation for pecuniary loss, so it is excepted from discharge under 11 U.S.C. § 523(a)(7).

*Applicability of Automatic Stay to Trust Account Offset to Pay Restitution Obligation*

Section 362(a) provides that creditors must cease debt collection efforts upon the filing of the bankruptcy petition to collect a claim against the debtor, including "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(1), (3). It applies to recovery of even nondischargeable debts. *In re Daniels*, 316 B.R. 342, 354 (Bankr. D. Idaho 2004). Although the automatic stay is extremely broad in scope, there are a number of statutory exceptions. Relevant to this case is the exception set forth in section 362(b)(1), which provides:

> (b) The filing of a petition under section 301, 302 or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 does not operate as a stay –
>
> > (1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor[.]

11 U.S.C. § 362(b)(1).

The critical issue that this Court must address is whether the Department of Corrections' actions can fairly be described as the continuation of a criminal action or proceeding. The Court has been unable to find any case law analyzing section 362(a)(1) where a penalty had been imposed and collected while the debtor was prison, with the imposition of the penalty made

6

independent of his original conviction. The published cases usually involve (1) the collection of penalties assessed in lieu of jail time with a subsequent default by the debtor and the resultant revocation of probation or (2) the collection of fines imposed as part of a criminal sentence. *See, e.g., Matter of Sims*, 101 B.R. 52 (Bankr. W.D. Wis. 1989) (where convicted defendant is sentenced to a monetary penalty in lieu of jail term, and then defaults, the incarceration of defendant for failure to pay the fine is a continuation of the underlying criminal proceeding within meaning of § 362(b)(1)); *United States v. Troxler Hosiery Co.*, 41 B.R. 457, 461 (D. N.C. 1984), *aff'd*, 796 F.2d 723 (4th Cir. 1986) (section 362(b)(1) "makes no distinction between sentences of imprisonment or fines and is broad enough to include enforcement of a judgment through pecuniary collection means from the debtor or property of the estate").

The issue has also arisen when the debtor claims the criminal prosecution is being brought in bad faith. However, the overwhelming majority of courts have found that section 362(b)(1) is an absolute rule that categorically excepts all criminal actions from the automatic stay, without exception. *In re Bartel*, 404 B.R. 584, 590 (B.A.P. 1st Cir. 2009) (in commencing criminal prosecution that resulted in debtor's conviction of multiple counts of larceny, and in seizing financial records that came within scope of property identified in search warrant issued in connection with criminal investigation, district attorney and law enforcement officer both engaged in conduct that was in nature of "commencement or continuation of a criminal action or proceeding" against debtor, that was not subject to automatic stay).

In this case, the Department of Corrections urges the Court to take a broad view of the phrase "commencement or continuation of a criminal action or proceeding against the debtor" to include matters that occur while the debtor is in prison. With respect to the automatic stay,

"Congress has specifically subordinated the goals of economic rehabilitation and equitable distribution of assets to the states' interest in prosecuting criminals." *In re Gruntz*, 202 F.3d 1074, 1086 (9th Cir. 2000). In fact, the legislative history to section 362(b)(1) states:

> the first exception [to the automatic stay] is of criminal proceedings against the debtor. The bankruptcy laws are not a haven for criminal offenders, but are designed to give relief from financial over-extension. Thus, criminal actions and proceedings may proceed in spite of bankruptcy.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 51 (1978), U.S. Code Cong. & Admin. News 1978, p. 6299.

I am satisfied the assessment made against the debtor in this case is a continuation of his criminal conviction, even though the penalty has nothing to do with the initial offense. The penalty under the Wisconsin Administrative Code is applicable only to prisoners, not the general public, and it was assessed while he was incarcerated for the initial offense. Therefore, it is a continuation of the government's action associated with that initial offense and is not subject to the automatic stay.

In summary, the debt is a penalty excepted from discharge, not the reimbursement of a medical debt, and the action of the state is not subject to the automatic stay. The debtor's motion for sanctions for violation of the automatic stay is denied. A separate order will be entered accordingly.

September 27, 2010

Margaret Dee McGarity
United States Bankruptcy Judge